**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHERLYN KAY PLEDGER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )   NO.  CIV-05-1006-HE |
| | ) |
| JOY CODDINGTON, ET AL., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendant Stare Farm Mutual Automobile Insurance Company ("State Farm") issued a notice on January 9, 2006, to have an independent medical examination of the plaintiff conducted on February 10, 2006.  The plaintiff has responded by filing a motion to quash the examination.  Her physical condition is not material to her breach of contract or bad faith claim, the plaintiff asserts, and her mental condition is not in issue because she "seeks no more than ordinary mental anguish or emotional distress damages."  Plaintiff's motion, p. 3. The plaintiff notes that, while State Farm filed a notice, it did not file a motion requesting an examination as required by Fed.R.Civ.P. 35(a).  She also states that she and State Farm currently are discussing the possibility of the dismissal of her emotional distress and breach of contract claims.

In its response State Farm acknowledges that it failed to file the required motion, but contends it did identify the physician in its notice and state the time, date, and place of the examination.  Although the plaintiff contends the examination is unnecessary, she does not, State Farm argues, object to the physician or the scheduled time of the examination in her motion.

The defendant agrees with the plaintiff that by merely seeking damages for emotional distress, a party does not place her mental condition in controversy. It contends, however, that a mental examination is appropriate in this case because the plaintiff has asserted a separate claim for intentional infliction of emotional distress. The defendant also argues that it is entitled to have the plaintiff undergo a physical examination by an independent physician because the plaintiff alleges, in conjunction with her breach of contract claim, that it undervalued the physical injuries she sustained as a result of the accident.

As the plaintiff has done more than merely make a "garden variety" request for pain and suffering damages incidental to other relief sought, she has put her mental condition in issue and waived any otherwise applicable medical/mental privilege. See Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551 (N.D.Ga. 2001) and cases cited therein. The court will treat the defendant's response as a Rule 35 motion and (1) absent a showing that the plaintiff cannot attend the examination, of which she has had a month's notice or (2) unless she seeks leave to dismiss her intentional infliction of emotional distress claim prior to the scheduled examination, it will proceed.[1]

If, however, the plaintiff files a motion to dismiss her intentional infliction of emotional distress claim, the examination will be cancelled.[2] State Farm has not made a

---

[1]*Any report or records produced pursuant to the examination shall be kept confidential by the party or parties to whom they are produced and shall be used only for the purposes of this action. If any party desires a more comprehensive protective order, the parties are directed to confer and, if possible, agree upon a proposed order for submission to the Court.*

[2]*If the claim is dismissed, the plaintiff is cautioned that she will be precluded at trial from claiming unusually severe emotional distress or offering expert testimony to support damages for mental anguish.*

sufficient showing at this time to demonstrate that a physical examination is needed to defend the plaintiff's breach of contract claim. The defendant may reurge its request, but must cite both a factual and legal basis for it.

Accordingly, the plaintiff's motion to quash [Doc.#27] is **DENIED** and the defendant's response [Doc.# 31] deemed a Rule 35 motion is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 9th day of February, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE